**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Toua K.,

Petitioner,

v.

Kristi Noem, et al.,

Respondents.

**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE**

Civil File No. 26-01520 (MJD/DLM)

---

Emily Curran, Housing Justice Center, Counsel for Petitioner.

David W. Fuller, David R. Hackworthy, Assistant United States Attorneys, Counsel for Respondents.

---

This matter is before the Court on Petitioner Toua K's Motion for an Order to Show Cause. [Doc. 10.] Petitioner seeks an Order to Show Cause that requires Respondents to respond to alleged violations of this Court's Order granting Petitioner's Petition for Writ of Habeas Corpus. [Id.] Specifically, Petitioner argues Respondents violated this Court's Order by 1) not immediately releasing Petitioner and doing so 26 hours later, 2) not communicating Petitioner's release in advance to Petitioner's counsel, and 3) imposing conditions on Petitioner's release other than those imposed by a prior Order of Supervision. [Id.]

With respect to the first and second alleged violation, this Court sympathizes with the Petitioner's position. The Court also acknowledges that a party's inability to comply with a court order cannot be prefaced on its own self-induced actions. See United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir. 2001) (citing Chi. Truck Drivers v. Bhd. Lab. Leasing, 207 F.3d 500, 506 (8th Cir. 2000) and laying out the three requirements for a party to demonstrate that compliance with a court order is impossible.)
However, as noted by Respondents, civil contempt sanctions are designed to compel future compliance, not punish past failures to comply. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994). Therefore, despite the Respondents' delayed compliance, the Respondents' eventual compliance would make any continued briefing on this matter futile.

With respect to the third alleged violation relating to conditions imposed on Petitioner's release, the Court finds no material difference between the conditions imposed on Petitioner under his new 2026 Order of Supervision compared to his previous 2011 Order of Supervision.

First, it is worth noting that the Court acknowledges the Petitioner's allegation that Respondents did not return Petitioner's only copy of his 2011

Order of Supervision, making any finite comparison between the two impossible. [Doc. 10 ¶ 8.] However, Respondents provided copies of both Orders of Supervision in their response to Petitioner's Motion. [See Doc. 12.] Therefore, the Court was able to compare the two documents and find that the minor differences between them do not violate the Court's previous Order.

In its Order granting Petitioner's Petition for Writ of Habeas Corpus, the Court enjoined the Respondents from imposing "any conditions on Petitioner's release other than the conditions contained within his preexisting Order of Supervision." [Doc. 7 at 11.] The 2011 and 2026 Orders of Supervision do contain some minor differences. As noted by Respondents, the Petitioner's 2011 Order of Supervision stated that Petitioner was not to travel outside of Michigan, while his 2026 Order of Supervision states that he is not to travel outside of Minnesota/Wisconsin. [See Docs. 12 at 4; 12-1 at 2; 12-1 at 7.] The Court agrees with the Respondents that such condition reflects the Petitioner's current residence. Further, the Petitioner's 2026 Order of Supervision does not require the Petitioner to register as a sex offender or receive work authorization, as was required by his 2011 Order of Supervision. [Id.] The Court agrees with

Respondents that these minor differences do not amount to a condition not previously imposed insofar as to violate this Court's previous Order.

Further, Respondents agree that DHS will consider the Petitioner's prior completion of a sexual deviancy counseling program as a completed condition upon proof from Petitioner. Petitioner provided a signed declaration to the Court on March 17, 2026. [Doc. 13.] This declaration affirms that Petitioner completed the necessary sexual deviancy counseling program 15 years ago in Detroit, Michigan. [Id.]

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Order to Show Cause **[Doc. 10]** is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 31, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court